UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

DERRICK DEAMER                   *        CIVIL ACTION NO.  12-2625

VERSUS                           *        JUDGE ELIZABETH E. FOOTE

TA OPERATING, LLC., ET AL.       *        MAG. JUDGE KAREN L. HAYES

<u>MEMORANDUM RULING</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Remand [doc. # 5] filed by Plaintiff Derrick Deamer.  This motion is unopposed.  For the reasons stated below, the Motion to Remand is **GRANTED**.[1]

<u>Background</u>

According to the petition filed in the First Judicial District Court Parish of Caddo in early 2012, Plaintiff alleges that he was a patron of Travel Centers of American, and while "walking in the store . . . he slipped and fell on wet paint that was on the concrete."  [doc. # 1-1, P. 1].  This allegedly caused the Plaintiff to suffer injuries and damages in the form of physical and mental pain, medical expenses, and lost wages and enjoyment of life.  *Id*. at 3.  Defendants removed the above-captioned matter pursuant to 28 U.S.C. §§ 1332 and 1441, alleging complete diversity and that "[P]laintiff claims damages in excess of $75,000, exclusive of attorney's fees, costs, expenses and judicial interest."  [doc. # 1, P. 3].

---

[1]As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

On October 18, 2012, Plaintiff filed the instant motion challenging the removal of this matter solely on the basis of Defendant's failure to prove the requisite amount in controversy. [doc. # 5-1, P.1]. Additionally, in the instant motion, Plaintiff submits "that the value of his claim does not now, nor has it ever, met the requisite jurisdictional amount." *Id.* Defendants have not opposed the motion. *See* [doc. # 6, P. 1]. The matter is now before the Court.

## Law

"The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *Id.* (citing 28 U.S.C. § 1441(a)).

In this case, Defendants assert that federal jurisdiction exists on the basis of diversity jurisdiction, which, of course, requires complete diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The parties here are diverse; the sole issue is whether amount in controversy is satisfied. The Fifth Circuit has

> established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-883 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (internal citation omitted).

"To satisfy the preponderance standard, the removing defendant may support federal

2

jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type evidence] to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). "If a defendant is successful in proving that the amount in controversy exceeds the jurisdictional limit, the burden shifts to the plaintiff to show with legal certainty that he or she will not be able to recover more than $75,000." *Hummel v. State Farm Mut. Auto. Ins. Co.*, No. 04-1386, 2005 U.S. Dist. LEXIS 127, at *5 (E.D. La. Jan. 5, 2005) (citing *De Aguilar*, 47 F.3d at 1411-12). "One such way for a plaintiff to satisfy the legal certainty test is to file a binding stipulation or affidavit with the original complaint." *Franco v. Teasdale*, No. 06-2754, 2006 U.S. Dist. LEXIS 53585, at *1 (E.D. La. Aug. 1, 2006).

It is axiomatic that when resolving a motion to remand, we look at jurisdictional facts as they exist at the time the case was removed. *Asociacion Nacional De Pescadores v. Doe Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (*"ANPAC"*). "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (citing, *ANPAC, supra*).

<u>Analysis</u>

Applying the foregoing precepts here, the Court finds that removing Defendants have failed to meet their burden of proof regarding the amount in controversy. Defendants neither

establish that it is facially apparent that Plaintiff's claim exceed $75,000, nor do they allege facts in controversy in the removal petition to show that the amount in controversy is met.  In the removal petition, Defendants merely state: "Based upon information and belief, the plaintiff claims damages in excess of $75,000.00, exclusive of attorney's fees, costs, expenses and judicial interest."  [doc. # 1, P. 3].  Likewise, Defendants have failed to file a response to the instant motion, and cannot establish that the amount in controversy requirement has been satisfied.  Finally, it is not facially apparent from Plaintiff's complaint that the amount in controversy is met, and Plaintiff claims that his damages do not exceed $75,000. [2] Accordingly, subject matter jurisdiction is lacking and remand is required.  28 U.S.C. § 1447(c).

For the foregoing reasons, the Motion to Remand [doc. # 5] filed by Plaintiff is hereby **GRANTED**; the case shall be **REMANDED** to the First Judicial District Court for the Parish of Caddo, State of Louisiana.

THUS DONE AND SIGNED at Monroe, Louisiana, this 20th day of November 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[2] It should be noted that while plaintiff's motion to remand references a binding stipulation, no such stipulation was filed with the court.  However, should plaintiff try to claim at a later date, even more than one year after suit was filed, that his damages exceed $75,000, exclusive of interest and costs, defendants would again have the right to remove this action on the basis that plaintiff acted in bad faith in claiming that his damages did not exceed the jurisdictional amount.

4